AO 91 (REV.5/85) Criminal Complaint        AUSA John Robert Blakey (312) 353-5320

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL WILLIAMS

(Name and Address of Defendant)

FILED
JUL 1 5 2005
Jul 15, 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED
JUL 2 7 2005

CRIMINAL COMPLAINT

CASE NUMBER: 05 cr 640 / 05CR0640

MAGISTRATE JUDGE COLE

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about July 22, 2004 through and including July 26, 2004, in Cook County, in the Northern District of Illinois defendant(s) did,

(Track Statutory Language of Offense)

knowingly and intentionally distribute a controlled substance, namely, in excess of 50 grams of a mixture and substance containing cocaine base, in the form commonly known as "crack", a Schedule II narcotic drug controlled substance,

in violation of Title 21 United States Code, Section(s) 841(a)(1).

I further state that I am a FBI Special Agent and that this complaint is based on the
                                    Official Title
following facts:

See attached affidavit

Continued on the attached sheet and made a part hereof:  x Yes ___ No

Signature of Complainant
Gustavo A. Grodsinsky, Special Agent
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence,

July 15, 2005                                   Chicago, Illinois
Date                                             City and State

JEFFREY COLE, U.S. Magistrate Judge
Name & Title of Judicial Officer                 Signature of Judicial Officer

1

| UNITED STATES | ) |
|---|---|
| | ) |
| NORTHERN DISTRICT OF ILLINOIS | ) |

## AFFIDAVIT

I, Gustavo A. Grodsinsky, being duly sworn on oath, hereby depose and say:

### I. Introduction

1.  I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed for approximately six years. I am currently assigned to the Chicago Division's South Resident Agency, during which time I have participated in drug-related investigations. As a result of my participation in this investigation, which includes, among other things, receiving information from witnesses and other law enforcement officers, conducting surveillance, and reviewing documents, audio and video recordings, and other materials, I am familiar with the circumstances surrounding the facts detailed in this affidavit.

2.  The information contained in this affidavit is not, however, an exhaustive account of everything I know about this case. It, rather, only contains the facts that I believe are necessary to establish probable cause that in July, 2004, MICHAEL WILLIAMS, also known as "Luthe" (WILLIAMS), committed the offense of knowingly and intentionally distributing and possessing with intent to distribute a controlled substance, namely in excess of 50 grams of mixtures containing cocaine base in the form commonly known as crack cocaine, in violation of Title 21, United States Code, Section 841.

### II. Cooperating Witness

3.  Some of the information in this Affidavit relating to the current investigation was provided by an FBI cooperating witness (CI-1). In January 2003, CI-1 began cooperating with the investigation targeting individuals in the South suburbs, including Chicago Heights and Ford Heights, Illinois, in exchange for monetary compensation. Other than a promise of monetary compensation for services rendered to agents and officers, no other guarantees or promises were made to CI-1. CI-1's criminal history consists of 12 arrests, including 1 sexual assault charge, 1 burglary charge, 4 dangerous drug charges, and 7 assault charges, with 1 conviction each for sexual assault, burglary, and dangerous drugs. CI-1 has and is providing reliable information corroborated by, among other means, consensually-recorded telephone calls and controlled purchase of cocaine and crack cocaine conducted by CI-1 under the surveillance and direction of the FBI.

4.  CI-1 advised that she/he has maintained social and drug related relationships with members of the Four Corner Hustlers, other street gang members as well as other individuals within the Chicago Heights/Ford Heights, Illinois areas. The basis for CI-1's information is derived from CI-1's past and current relationship with Four Corner Hustlers, and his/her narcotics transactions with named subjects. The CI-1 admits that she/he was an active member of the Gangster Disciples

Street Gang (GD's) from approximately 1988 through 1996, but that she/he is presently not active with any gang. CI-1 also admits that prior to working with the FBI, she/he has purchased narcotics in quantities ranging from a quarter ounce to four and a-half ounces from individuals in the community, including individuals from whom CI-1 later purchased drugs while cooperating with the FBI. CI-1 indicates that she/he is able to purchase from individuals from any gang due to the fact that CI-1 has no longer any active affiliations.

### III. Controlled Purchases of Narcotics

5.  In July 2004, CI-1 made two consensually recorded purchases of crack cocaine from WILLIAMS who in previous conversations with CI-1 had offered to sell ounce quantities of crack cocaine to CI-1 for approximately $800 per ounce. On each controlled purchase as set forth below, CI-1 engaged in consensually monitored telephone calls with WILLIAMS at telephone number 708-283-9031 prior to the drug transaction. Additionally, before each buy, the agents searched the person and vehicle of CI-1 for money and/or contraband with negative results, and thereafter equipped CI-1 with a consensually monitored body recorder and the appropriate amount of purchase money. Likewise, after each drug purchase, the agents kept CI-1 under surveillance while she/he returned to a predetermined meeting location where CI-1 turned over to the agents the narcotics that CI-1 had just obtained from WILLIAMS, and where the agents again searched CI-1 with negative results, debriefed CI-1 about the transaction, and removed all of the recording equipment for safekeeping.

#### a. July 22nd Purchase

6.  On July 22, 2004, CI-1 purchased approximately one ounce of crack cocaine from WILLIAMS in exchange for $800. During a recorded telephone conversation prior to the transaction, CI-1 asked WILLIAMS if he was "ready" (meaning whether WILLIAMS was prepared to sell drugs to CI-1), and WILLIAMS responded "No, I ain't ready for you yet....what you needed though?" (referring to the amount of crack cocaine CI-1 wished to purchase from WILLIAMS). CI-1 responded "What I had told you. You told me 800 right" (referring to a previous conversation between CI-1 and WILLIAMS wherein WILLIAMS quoted CI-1 a purchase price of $800 per ounce of crack cocaine). WILLIAMS stated "Yeah....oh you needed that....yeah, give me about fifteen minutes...I'll go get that and come back" CI-1 and WILLIAMS thereafter agreed to conduct a narcotics transaction at WILLIAMS residence of 33 Apache, Park Forest, Illinois. Upon arriving to this location, CI-1 handed WILLIAMS $800 in exchange for a plastic bag containing the crack cocaine. CI-1 then departed the area. Subsequently, this purchase of narcotics was submitted to the DEA laboratory for analysis where it tested positive for the presence of cocaine base, in the form commonly known as crack cocaine, in a weight of approximately 27.7 grams.

#### b. July 26th Purchase

7.  On July 26, 2004, CI-1 purchased approximately one ounce of crack cocaine from WILLIAMS in exchange for $800. During recorded telephone conversations prior to the transaction,

WILLIAMS told CI-1 that "Yeah my boy say he got it (referring to the crack cocaine) but he says you gotta wait." CI-1 and WILLIAMS thereafter agreed to conduct a narcotics transaction at WILLIAMS residence of 33 Apache, Park Forest, Illinois. Upon arriving to this location, CI-1 handed WILLIAMS $800 in exchange for a plastic bag containing the crack cocaine. CI-1 then departed the area. Subsequently, this purchase of narcotics was submitted to the DEA laboratory for analysis where it tested positive for the presence of cocaine base, in the form commonly known as crack cocaine, in a weight of approximately 26.3 grams.

8. Based on the aforementioned facts, I have probable cause to believe that defendant did knowingly and intentionally distribute a controlled substance, namely in excess of 50 grams of mixtures containing cocaine base in the form commonly known as "crack cocaine," in violation of 21 U.S.C. § 841(a)(1).

FURTHER AFFIANT SAYETH NOT

Gustavo A. Grodsinsky
Special Agent, Federal Bureau of Investigation

SUBSCRIBED and SWORN to before me
this ___ day of July, 2005

JEFFREY COLE
United States Magistrate Judge

3